83. The Oyster Claimants were parties whom Oyster Harbors reasonably could have expected to be affected by the lack of adequate fire protection and/or fire suppression equipment on the Oyster Harbors Premises.

84. As a result of the aforesaid negligence, the Oyster Claimants were caused to suffer substantial property damage, and were put to great expense in the repair of said property and were otherwise damaged.

85. The Plaintiffs, ACE, Federal, INA, Maryland Casualty and Northern, made payments to the Oyster Claimants to compensate them for the damages caused by Oyster Harbors' negligence.

86. The Plaintiffs, ACE, Federal, INA, Maryland Casualty and Northern, are subrogated to the rights of the Oyster Claimants to the extent of the payments made to the Oyster Claimants.

**WHEREFORE**, the Plaintiffs pray that the Court issue judgment against Oyster Harbors in an amount to fairly compensate the Plaintiffs for their damages, together with costs, interest, and such relief that the Court deems fair and reasonable.

## COUNT V
### Breach of Contract
### (Plaintiffs v. Crosby Yacht Yard)

87. The Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 86 as if they were fully set forth herein.

88. Crosby Yacht Yard agreed to store the Crosby Claimants' Personal Property for the 2003-2004 winter season.

89. Crosby Yacht Yard breached its written contract by, *inter alia*, not storing the Personal Property in a safe manner.

90. As a result of the aforesaid breach of contract, the Crosby Claimants were caused to suffer substantial property damage, and were put to great expense in the repair of said Personal Property and were otherwise damaged.

91. The Plaintiffs, ACE, Federal, INA, Maryland Casualty and Northern, made payments to the Crosby Claimants to compensate them for the damages caused by Crosby Yacht Yard's failure to return the Personal Property to the Crosby Claimants as agreed to.

92. The Plaintiffs, ACE, Federal, INA, Maryland Casualty and Northern, are subrogated to the rights of the Crosby Claimants to the extent of the payments made to the Crosby Claimants.

**WHEREFORE**, the Plaintiffs pray that the Court issue judgment against Crosby Yacht Yard in an amount to fairly compensate the Plaintiffs for their damages, together with costs, interest, and such relief that the Court deems fair and reasonable.

### COUNT V
### Breach of Contract
### (Plaintiffs v. Oyster Harbors)

93. The Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 92 as if they were fully set forth herein.

94. Oyster Harbors agreed to store the Oyster Claimants' Personal Property for the 2003-2004 winter season.

95. Oyster Harbors breached its written contract by, *inter alia*, not storing the Personal Property in a safe manner.

96. As a result of the aforesaid breach of contract, the Oyster Claimants were caused to suffer substantial property damage, and were put to great expense in the repair of said Personal Property and were otherwise damaged.

97. The Plaintiffs, ACE, Federal, INA, Maryland Casualty and Northern, made payments to the Oyster Claimants to compensate them for the damages caused by Oyster Harbors' failure to return the Personal Property to the Oyster Claimants as agreed to.

98. The Plaintiffs, ACE, Federal, INA, Maryland Casualty and Northern, are subrogated to the rights of the Oyster Claimants to the extent of the payments made to the Oyster Claimants.

**WHEREFORE**, the Plaintiffs pray that the Court issue judgment against Oyster Harbors in an amount to fairly compensate the Plaintiffs for their damages, together with costs, interest, and such relief that the Court deems fair and reasonable.

### COUNT VI
### Breach of Warranty
### (Plaintiffs v. Crosby Yacht Yard)

99. The Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 98, as if they were fully set forth herein.

100. Crosby Yacht Yard was obligated to use a degree of skill adequate for the due performance of its undertaking to adequately store and keep the Crosby Claimants' Personal Property until returned, and warranted that the Crosby

Claimants' Personal Property would be adequately stored and kept from harm until returned.

101. Crosby Yacht Yard breached its obligations and warranties that the Crosby Claimants' Personal Property would be adequately stored and kept from harm until returned in that the Crosby Claimants' Personal Property was substantially damaged while in the control, custody, possession, and care of Crosby Yacht Yard.

102. The Plaintiffs made payments to the Crosby Claimants to compensate them for the damages caused by Crosby Yacht Yard's breach of warranty to return the Crosby Claimants' Personal Property to the Crosby Claimants in the same condition as when delivered to the Premises into the care, custody, possession and control of Crosby Yacht Yard.

103. The Plaintiffs are subrogated to the rights of the Crosby Claimants to the extent of the payments made to the Crosby Claimants.

**WHEREFORE**, the Plaintiffs pray that the Court issue judgment against Crosby Yacht Yard in an amount to fairly compensate the Plaintiffs for their damages, together with costs, interest, and such relief that the Court deems fair and reasonable.

## COUNT VII
### Breach of Warranty
### (Plaintiffs v. Oyster Harbors)

104. The Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 103, as if they were fully set forth herein.

105. Oyster Harbors was obligated to use a degree of skill adequate for the due performance of its undertaking to adequately store and keep the Oyster Claimants' Personal Property until returned, and warranted that the Oyster Claimants' Personal Property would be adequately stored and kept from harm until returned.

106. Oyster Harbors breached its obligations and warranties that the Oyster Claimants' Personal Property would be adequately stored and kept from harm until returned in that the Oyster Claimants' Personal Property was substantially damaged while in the control, custody, possession, and care of Oyster Harbors.

107. The Plaintiffs made payments to the Oyster Claimants to compensate them for the damages caused by Oyster Harbors' breach of warranty to return the Oyster Claimants' Personal Property to the Oyster Claimants in the same condition as when delivered to the Oyster Premises into the care, custody, possession and control of Oyster Harbors.

108. The Plaintiffs are subrogated to the rights of the Oyster Claimants to the extent of the payments made to the Oyster Claimants.

**WHEREFORE**, the Plaintiffs pray that the Court issue judgment against Oyster Harbors in an amount to fairly compensate the Plaintiffs for their damages, together with costs, interest, and such relief that the Court deems fair and reasonable.

## COUNT VIII
## NEGLIGENCE-RES IPSA LOQUITUR
### (Plaintiffs v. Crosby Yacht Yard)

109. The Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 108, as if they were fully set forth herein.

110. At the time of the Fire, the Crosby Claimants' Personal Property was under the care, management and control of, and in the possession and custody of, Crosby Yacht Yard.

111. At the time of the Fire, the Crosby Premises were under the management and exclusive control of Crosby Yacht Yard.

112. There has been no explanation as to the cause of the Fire.

113. In the ordinary course of events, the Fire would not have occurred absent negligence on the part of Crosby Yacht Yard.

114. The Crosby Claimants suffered damages to their Personal Property due to the Fire.

115. The Oyster Claimants suffered damages to their Personal Property due to the Fire.

116. The Plaintiffs, ACE, Federal, INA, Maryland Casualty and Northern, made payments to the Crosby Claimants to compensate them for the damages caused to their Personal Property by the Fire on the Crosby Premises.

117. The Plaintiffs, ACE, Federal, INA, Maryland Casualty and Northern, made payments to the Oyster Claimants to compensate them for the damages caused to their Personal Property by the Fire on the Oyster Harbors Premises.

118. The Plaintiffs are subrogated to the rights of the Crosby and Oyster Claimants to the extent of the payments made to the Crosby and Oyster Claimants.

**WHEREFORE**, the Plaintiffs pray that the Court issue judgment against Crosby Yacht Yard in an amount to fairly compensate the Plaintiffs for their damages, together with costs, interest, and such relief that the Court deems fair and reasonable.

## COUNT IX
## NEGLIGENCE-RES IPSA LOQUITUR
### (Plaintiffs v. Oyster Harbors)

119. The Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 118, as if they were fully set forth herein.

120. At the time of the Fire, the Personal Property of the Oyster Claimants was under the care, management and control of, and in the possession and custody of, Oyster Harbors.

121. At the time of the Fire, the Oyster Harbors Premises were under the management and exclusive control of Oyster Harbors.

122. There has been no explanation as to failure of Oyster Harbors to control the Fire and safeguard the Personal Property of the Oyster Claimants.

123. In the ordinary course of events, the Fire would not have quickly spread to the Oyster Harbors Premises and destroyed the Personal Property of the Oyster Claimants absent negligence on the part of Oyster Harbors.

124. The Oyster Claimants suffered damages to their Personal Property due to the Fire.

125. The Plaintiffs, ACE, Federal, INA, Maryland Casualty and Northern, made payments to the Oyster Claimants to compensate them for the damages caused to their Personal Property by the Fire on the Oyster Harbors Premises.

126. The Plaintiffs are subrogated to the rights of the Oyster Claimants to the extent of the payments made to the Oyster Claimants.

## COUNT X
## Violation of M.G.L. Chapter 93A
### (Plaintiffs v. Crosby Yacht Yard)

127. The Plaintiffs repeat and incorporate by reference the allegations contained in paragraphs 1 through 126, as if they were fully set forth herein.

128. At all relevant times, the Defendant, Crosby Yacht Yard, was subject to regulatory provisions including, but not limited to, 527 C.M.R. 14, governing the use, handling and storage of hazardous, flammable and/or combustible materials on the Crosby Premises.

129. Upon information and belief, Crosby Yacht Yard violated said regulations by, *inter alia*, failing to properly store, handle and use said materials.

130. The acts and omissions of Crosby Yacht Yard in failing to comply with applicable sections of the Code of Massachusetts Regulations constitute unfair and deceptive acts or practices within the meaning of M.G.L. c. 93A §§ 2 and 3 and 940 C.M.R. § 3.16(3).

131. As a result of the violation of M.G.L. c. 93A §§ 2 and 3, the Claimants were caused to suffer substantial property damage, and were put to great expense in the repair of said property and were otherwise damaged.

132. The Claimants were among the class of persons for whose protection the applicable regulatory provisions were enacted.

133. The Claimants were among the class of persons for whose protection M.G.L. c. 93A §§ 2 and 3 were enacted.

134. The violations that constituted violations of M.G.L. c. 93A §§ 2 and 3 were knowing and willful.

135. The Plaintiffs sent to the Defendant Crosby Yacht Yard a demand letter (hereinafter referred to as the "Demand Letter") that identified the complained of acts and/or practices that constitute violations of M.G.L. c. 93A §§ 2 and 3.

136. The Demand Letter was sent no less than thirty days prior to the filing of this Complaint.

137. The Defendant Crosby Yacht Yard has not responded to the demand for relief contained in the Demand Letter with a reasonable offer of settlement.

138. The Plaintiffs, ACE, Federal, INA, Maryland Casualty and Northern, made payments to the Claimants to compensate them for the damages caused by Crosby Yacht Yard's violation of M.G.L. c. 93A § 2.

139. The Plaintiffs, ACE, Federal, INA, Maryland Casualty and Northern, are subrogated to the rights of the Claimants to the extent of the payments made to the Claimants.

**WHEREFORE**, the Plaintiffs pray that the Court issue judgment against Crosby Yacht Yard in an amount to fairly compensate the Plaintiffs for their damages, together

with treble damages and attorney's fees as provided for by M.G.L. c. 93A, costs, interest, and such relief that the Court deems fair and reasonable.

## JURY DEMAND

The Plaintiffs respectfully request a trial by jury on all issues.

Respectfully Submitted,
For the Plaintiffs,
By their attorneys,

_____
Daly Cavanaugh LLP
27 Mica Lane
Wellesley, MA 02481
(617) 951-0015

Dated: 10/22/04