UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, ) <br> FEDERAL INSURANCE COMPANY, ) <br> INSURANCE COMPANY OF NORTH AMERICA, ) <br> MARYLAND CASUALTY COMPANY and ) <br> NORTHERN INSURANCE COMPANY, ) <br>    Plaintiffs, ) <br> v. ) <br> ) <br> CROSBY YACHT YARD, INC. and ) <br> OYSTER HARBORS MARINE, INC., ) <br>    Defendants. ) | C.A. NO. <br> 04CV12252-WGY |

MEMORANDUM IN SUPPORT OF MOTION
FOR CONSOLIDATION OF ACTIONS

The Plaintiffs, ACE American Insurance Company, Federal Insurance Company, Insurance Company of North America, Maryland Casualty Company, Northern Insurance Company and Standard Fire Insurance Company, hereby submit the following memorandum in support of their motion that two pending cases (04CV12244 and 04CV12252) be consolidated for all purposes.

Both Civil Action No. 04CV12244-GAO and Civil Action No. 04CV12252-WGY arise out of a fire that allegedly occurred on or about December 10, 2003, in Osterville, Massachusetts. All of the plaintiffs in each case are insurance companies that indemnified their insured boat owners and boat owners seeking recovery of their uninsured damages allegedly caused by the fire. Moreover, both cases involve the same defendants. Therefore, the issues of fact and law in the two cases are identical.

Federal Rule of Civil Procedure 42(a) provides that the Court may consolidate pending cases involving a common issue of law or fact.[1] Rule 42(a) was designed to encourage consolidation wherever possible, in the interest of judicial economy. *See United States v. Knauer*, 149 F.2d 519, 520 (7th Cir. 1945); *Vaccaro v. Moore-McCormack Lines, Inc.*, 64 F.R.D. 395, 397 (S.D.N.Y. 1974). In the consolidation of cases, courts exercise a broad discretion. *Knauer* at 520.

Consolidation of the two pending cases will promote the interest of judicial economy, and will also avoid the possibility of inconsistent rulings or findings. The only difference between the two cases is the identity of the plaintiffs.

WHEREFORE, the parties ask that their motion to consolidate for all purposes be allowed.

Respectfully Submitted,

ACE American Insurance Company,
Federal Insurance Company,
Insurance Company of North America,
Maryland Casualty Company and
Northern Insurance Company
By their attorney,

David J. Daly, Esq. BBO #112740
Daly Cavanaugh LLP
27 Mica Lane
Wellesley, MA 02481
(781) 237-0600

---

[1] Fed.R.Civ.P. 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."