UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

*******************************************
ACE AMERICAN INSURANCE COMPANY,
FEDERAL INSURANCE COMPANY, INSURANCE
COMPANY OF NORTH AMERICA, MARYLAND
CASUALTY COMPANY, NORTHERN INSURANCE
COMPANY, SOLDIER OF FORTUNE CORPORATION,
DIANE L. COMOLETTI and JAMES F. CLEARY,
    Plaintiffs

VS.   DOCKET NO. 04-12252WGY

CROSBY YACHT YARD, INC. and
OYSTER HARBORS MARINE, INC.,
    Defendants
*******************************************

**ANSWER OF THE DEFENDANT, OYSTER HARBORS MARINE, INC., TO PLAINTIFFS' AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

1. The defendant has no information relating to the allegations in this paragraph and specifically has no information relating to and therefore denies all allegations of the plaintiff that they are "subrogated to the rights" of individuals. The defendant admits that on or about December 10, 2003 there was a fire at the Crosby Yacht Yard in Osterville, Massachusetts and denies the remaining allegations of this paragraph.

2. Defendant has no information relating to the allegation set forth in this paragraph and specifically calls upon the plaintiff to prove same. Moreover, to the extent that the paragraph alleges the defendant is liable, we deny same.

3. The defendant has no information relating to the allegations relating to the plaintiff, Northern Insurance Company, and therefore is unable to admit same. Further, the defendant has no information relating to alleged payments made on behalf of various individuals and therefore denies same.

4. The defendant has no information relating to the allegations relating to the plaintiff, Maryland Casualty Company, and therefore is unable to admit same. Further, the defendant has no information relating to alleged payments made on behalf of various individuals and therefore denies same.

5. The defendant has no information relating to the allegations relating to the plaintiff, Federal Insurance Company, and therefore is unable to admit same. Further, the defendant has no information relating to alleged payments made on behalf of various individuals and therefore denies same.

6. The defendant has no information relating to the allegations relating to the plaintiff, ACE American Insurance Company, and therefore is unable to admit same. Further, the defendant has no information relating to alleged payments made on behalf of various individuals and therefore denies same.

7. The defendant has no information relating to the allegations relating to the plaintiff, Insurance Company of North America, and therefore is unable to admit same. Further, the defendant has no information relating to alleged payments made on behalf of various individuals and therefore denies same.

8. The defendant has no information relating to the allegations relating to the plaintiff, Insurance Company of North America, and therefore is unable to admit same. Further, the defendant has no information relating to alleged payments made on behalf of various individuals and therefore denies same.

9. The defendant has no information relating to the allegations relating to the plaintiff, Insurance Company of North America, and therefore is unable to admit same. Further, the defendant has no information relating to alleged payments made on behalf of various individuals and therefore denies same.

10. The defendant has no information relating to the allegations relating to the plaintiff, Insurance Company of North America, and therefore is unable to admit same. Further, the defendant has no information relating to alleged payments made on behalf of various individuals and therefore denies same.

11. The defendant admits the allegations set forth in this paragraph.

12. The defendant admits the allegations set forth in this paragraph.

13. The defendant denies the allegations set forth in this paragraph.

14. The defendant denies the allegation of jurisdiction, however if the court finds jurisdiction then the defendant admits the allegations of this paragraph.

15. The defendant admits that on or about December 10, 2003, a fire occurred at the Crosby premises, a boat storage and repair facility, in Osterville, Massachusetts. The defendant admits damage occurred to various properties, including property at Oyster Harbors Marine and denies the remaining allegations of this paragraph.

16. The allegations of this paragraph do not refer to the defendant, Oyster Harbors Marine, Inc., and we therefore decline to answer.

17. Oyster Harbors Marine admits that there was a boat named Warchant stored by Robert Levine, and that Ronald Miller, Paul Donahue and Robert Tar all had boats in Oyster Harbors Marine yard and agreed pursuant to a 2003-2004 storage agreement (copies of which are attached as Exhibits 1 – 9) and specifically incorporated herein for storage and that all obligations as between the parties are controlled by the terms of the agreement, otherwise the defendant denies the remaining allegations of this paragraph.

18. The allegations of this paragraph do not apply to the defendant and we therefore decline to answer.

19. Oyster Harbors Marine admits that a fire started at the Crosby Yacht Yard and that various properties on both the Crosby premises and the Oyster Harbors premises were damaged. Oyster Harbors Marine though denies any further allegations of this paragraph.

20. This defendant has no information relating to the allegations of this paragraph and therefore specifically calls on the plaintiff to prove same.

21. As to the allegations in this paragraph relating to the "Crosby claimants" and the Crosby Yacht Yard, this defendant declines to answer same insofar as they do not apply to this defendant. Insofar as the allegations in this paragraph apply to the "Oyster claimants" and/or the Oyster Harbors Marine, the defendant denies the allegations of this paragraph and specifically states that Exhibits 1 – 9 control all obligations as between the parties.

22. The allegations of this paragraph are not directed to the defendant, Oyster Harbors Marine, who therefore declines to answer same.

23. Oyster Harbors Marine admits that it conducted various operations related to the marina industry. To the extent that any allegation of this paragraph seeks to imply or input any negligent or responsibility for any damage to any person, those allegations are specifically denied.

24. The allegations of this paragraph do not apply to the defendant and we therefore decline to answer.

25. The allegations of this paragraph do not apply to the defendant and we therefore decline to answer.

26. The allegations of this paragraph do not apply to the defendant and we therefore decline to answer.

27. The allegations of this paragraph do not apply to the defendant and we therefore decline to answer.

28. All of the "Oyster Harbors claimants" are subject to 2003 – 2004 storage agreements, Exhibits 1 thru 9, copies of which have been attached and incorporated herein. Any obligation as between the party is controlled by the 2003 – 2004 storage agreements. The defendant denies any other allegations in this paragraphs.

29. All of the "Oyster Harbors claimants" are subject to 2003 – 2004 storage agreements, Exhibits 1 thru 9, copies of which have been attached and incorporated herein. Any obligation as between the party is controlled by the 2003 – 2004 storage agreements. The defendant denies any other allegations in this paragraphs.

30. Oyster Harbors Marine admits that it entered into a 2003 – 2004 storage agreement with the "Oyster claimants" and that any obligation as between the parties is controlled by those agreements.

31. The defendant admits that a boat named Warchant was stored at Oyster Harbors Marine and Robert Levine and/or Jeanne Hopkins agreed pursuant to the 2003 – 2004 storage agreement for storage and that all obligations are controlled by the terms of that agreement.

32. The defendant agrees that Diane Comoletti agreed pursuant to the 2003 – 2004 storage agreement for storage and that all obligations are controlled by the terms of that agreement.

33. Oyster Harbors Marine declines to answer the allegations of this paragraph insofar as they do not apply to Oyster Harbors Marine.

34. The defendant admits that Warren and Pamela Foss agreed pursuant to the 2003 – 2004 storage agreement for storage and that all obligations are controlled by the terms of that agreement.

35. The defendant admits that Terry Eastman agreed pursuant to the 2003 – 2004 storage agreement for storage and that all obligations are controlled by the terms of that agreement.

36. The defendant admits that Ronald Miller agreed pursuant to the 2003 – 2004 storage agreement for storage and that all obligations are controlled by the terms of that agreement.

37. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

38. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

39. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

40. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

41. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

42. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

43. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

44. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

45. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

46. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

47. The defendant admits that Paul Clapp agreed pursuant to the 2003 – 2004 storage agreement for storage and that all obligations are controlled by the terms of the agreement.

48. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

49. The defendant agrees that Robert Tarr agreed pursuant to the 2003 – 2004 storage agreement for storage and that all obligations are controlled by the terms of the agreement.

50. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

51. The defendant admits that James Harrington agreed pursuant to the 2003 – 2004 storage agreement for storage and that all obligations are controlled by the terms of the agreement.

52. The defendant admits that James F. Cleary agreed pursuant to the 2003 – 2004 storage agreement for storage and that all obligations are controlled by the terms of the agreement.

53. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

54. All of the persons identified as "Oyster claimants" agreed pursuant to a 2003 – 2004 storage agreements (Exhibits 1 – 9) and that all obligations are controlled by the terms of those agreements.

55. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

56. The defendants will admit that the "Oyster claimants" agreed pursuant to a 2003 – 2004 storage agreements and that all obligations are controlled by the terms of those agreements.

57. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

58. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

59. The defendants admit that all of the "Oyster claimants" agreed to a 2003 – 2004 storage agreements and that all obligations are controlled by the terms of those agreements.

60. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

61. The defendants admit that all of the "Oyster claimants" agreed to a 2003 – 2004 storage agreements and that all obligations are controlled by the terms of those agreements.

62. The defendant has no information relating to the allegations of this paragraph and therefore specifically deny same.

63. The defendant has no information relating to the allegations of this paragraph and therefore specifically deny same.

## COUNT I

64. The defendant restates answers to paragraphs 1 through 63 herein.

65. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

66. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

67. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

68. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

## COUNT II

69. The defendant restates answers to paragraphs 1 through 63 (should be 68) herein.

70. The "Oyster claimants" as defined in this complaint all agreed pursuant to 2003 – 2004 storage agreement and that any obligation would be controlled by the terms of those agreements. Otherwise, the defendant denies the allegations of this paragraph.

71. The "Oyster claimants" as defined in this complaint all agreed pursuant to 2003 – 2004 storage agreement and that any obligation would be controlled by the terms of those agreements. Otherwise, the defendant denies the allegations of this paragraph.

72. The defendant has no information relating to the allegations of this paragraph and specifically calls upon the plaintiff to prove same. Further, the defendant indicates that all of the "Oyster claimants" agreed pursuant to a 2003 – 2004 storage agreements and that any obligation is controlled by the terms of those agreements and denies any further allegations of this paragraph.

73. The defendant has no information relating to the allegations of this paragraph and therefore denies same.

74. The defendant denies that Oyster Harbors Marine breached any duty or is otherwise liable for any claimed damage.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

## COUNT III

75. The defendant restates answers to paragraphs 1 through 68 (should be 74) herein.

76. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

77. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

78. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

79. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

80. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

81. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

82. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

83. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

84. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

## COUNT IV

85. The defendant restates answers to paragraphs 1 through 63 (should be 84) herein.

86. The defendant admits that the "Oyster claimants" agreed to a 2003 – 2004 storage agreements and that any obligation was controlled by the terms of those agreements. The defendant denies any further allegations of this paragraph.

87. The defendant admits that the "Oyster claimants" agreed to a 2003 – 2004 storage agreements and that any obligation was controlled by the terms of those agreements. The defendant denies any further allegations of this paragraph.

88. The defendant denies that Oyster Harbors Marine owed or breached any duty and denies that Oyster Harbors Marine is liable to anyone for damages.

89. The defendant denies that Oyster Harbors Marine owed or breached any duty and denies that Oyster Harbors Marine is liable to anyone for damages.

90. The defendant denies that Oyster Harbors Marine owed or breached any duty and denies that Oyster Harbors Marine is liable to anyone for damages.

91. The defendant denies that Oyster Harbors Marine owed or breached any duty and denies that Oyster Harbors Marine is liable to anyone for damages.

92. The defendant admits that the "Oyster claimants" agreed to a 2003 – 2004 storage agreements and that any obligation was controlled by the terms of those agreements. The defendant denies any further allegations of this paragraph.

93. The defendant admits that the "Oyster claimants" agreed to a 2003 – 2004 storage agreements and that any obligation was controlled by the terms of those agreements. The defendant denies any further allegations of this paragraph.

94. The defendant admits that the "Oyster claimants" agreed to a 2003 – 2004 storage agreements and that any obligation was controlled by the terms of those agreements. The defendant denies any further allegations of this paragraph.

95. The defendant denies the allegations set forth in this paragraph.

96. The defendant denies the allegations set forth in this paragraph.

97. The defendant denies the allegations set forth in this paragraph.

98. The defendant denies the allegations set forth in this paragraph.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

## COUNT V

99. The defendant restates answers to paragraphs 1 through 63 (should be 98) herein.

100. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

101. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

102. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

103. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

104. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

## COUNT VI

105. The defendant restates answers to paragraphs 1 through 63 (should be 104) herein.

106. The defendant admits that the "Oyster claimants" all agreed pursuant to a 2003 – 2004 storage agreements (Exhibits 1 – 9) and that any obligation is controlled by those agreements.

107. The defendant admits that the "Oyster claimants" all agreed pursuant to a 2003 – 2004 storage agreements (Exhibits 1 – 9) and that any obligation is controlled by those agreements.

108. The defendant admits that the "Oyster claimants" all agreed pursuant to a 2003 – 2004 storage agreements (Exhibits 1 – 9) and that any obligation is controlled by those agreements and the defendant denies any further allegations in this paragraph.

109. The defendant has no information relating to the allegations of payment as made in this paragraph and specifically deny any further allegations in this paragraph.

110. The defendant denies the allegations set forth in this paragraph.

111. The defendant denies the allegations set forth in this paragraph.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

## COUNT VII

112. The defendant restates answers to paragraphs 1 through 63 (should be 111) herein.

113. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

114. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

115. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

116. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

## COUNT VIII

117. The defendant restates answers to paragraphs 1 through 63 (should be 116) herein.

118. All of the "Oyster claimants" agreed to 2003 – 2004 storage agreement and any obligation is controlled by the terms of those agreements.

119. The defendant denies the allegations set forth in this paragraph.

120. The defendant denies the allegations set forth in this paragraph.

121. The defendant denies the allegations set forth in this paragraph.

122. The defendant denies the allegations set forth in this paragraph.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

## COUNT IX

123. The defendant restates answers to paragraphs 1 through 63 (should be 122) herein.

124. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

125. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

126. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

127. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

128. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

129. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

130. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

131. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

132. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

133. The defendant denies that Oyster Harbors Marine breached any duty or is otherwise liable for any claimed damage.

   WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

## COUNT X

134. The defendant restates answers to paragraphs 1 through 118 (should be 133) herein.

135. All of the "Oyster claimants" agreed to 2003 – 2004 storage agreement and any obligation is controlled by the terms of those agreements. The defendant denies any further allegations of this paragraph.

136. All of the "Oyster claimants" agreed to 2003 – 2004 storage agreement and any obligation is controlled by the terms of those agreements. The defendant denies any further allegations of this paragraph.

137. All of the "Oyster claimants" agreed to 2003 – 2004 storage agreement and any obligation is controlled by the terms of those agreements. The defendant denies any further allegations of this paragraph.

138. The defendant denies the allegations set forth in this paragraph.

139. All of the "Oyster claimants" agreed to 2003 – 2004 storage agreement and any obligation is controlled by the terms of those agreements. The defendant denies any further allegations of this paragraph.

140. The defendant has no information and denies the allegations of this paragraph.

141. The defendant denies the allegations set forth in this paragraph.

142. The defendant denies the allegations set forth in this paragraph.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

### COUNT XI

143. The defendant restates answers to paragraphs 1 through 126 (should be 142) herein.

144. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

145. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

146. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

147. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

148. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

149. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

150. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

151. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

152. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

153. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

154. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

155. Oyster Harbors Marine declines to answer the allegations of this paragraph in that they do not apply to Oyster Harbors Marine.

156. The defendant denies the allegations set forth in this paragraph.

WHEREFORE, the defendant denies that the any party is entitled to judgment against it.

**THE DEFENDANT DEMANDS A TRIAL BY JURY OF ALL ISSUES HEREIN**.

## AFFIRMATIVE DEFENSES

1. The defendant specifically pleads release.

2. The defendant specifically pleads comparative negligence.

3. The defendant specifically pleads lack of subject matter jurisdiction insofar as admiralty. Fed.R.Civ.P. Rule 12(b)(1).

4. The defendant specifically pleads lack of subject matter jurisdiction insofar as diversity of citizenship. Fed.R.Civ.P. Rule 12(b)(1).

5. The defendant specifically pleads failure to state a claim upon which relief can be granted. Fed.R.Civ.P. Rule 12(b)(6).

6. The defendant specifically pleads failure to properly notify of any alleged breach of warranty.

    Respectfully submitted,

    /S/JOHN H. BRUNO II
    John H. Bruno II, Esquire
    B.B.O. No. 542098
    Masi & Bruno
    124 Long Pond Road, Unit 11
    Plymouth, MA 02360
    (508)747-5277